IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

YAQUB JAMEL FAHEEM,
    Plaintiff,

vs.                              Case No. 5:11cv146/RH/EMT

DR. MOSES IZUEGHN, et al.
    Defendants.

## REPORT AND RECOMMENDATION

    This cause filed pursuant to Title 42 United States Code Section 1983 is presently before the court on Plaintiff's amended civil rights complaint (Doc. 6). Leave to proceed in forma pauperis was granted, and no initial partial filing fee was assessed (Doc. 8).

    Since Plaintiff is proceeding in forma pauperis, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). "[T]he statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id., 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground may be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations that are "clearly baseless." Id. at 327, 109 S. Ct. at 1833; Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992); Williams v. Secretary for Department of Corrections, 131 Fed. Appx. 682, 2005 WL

1130351 (11th Cir. 2005) (citing Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (internal quotations omitted)).

Because the language of § 1915(e)(2)(B)(ii) tracks the language of FED. R. CIV. P. 12(b)(6), dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff.  *See* Pielage v. McConnell, 516 F.3d 1282 (11th Cir. 2008); Thaeter v. Palm Beach County Sheriff's Office, 449 F.3d 1342, 1352 (11th Cir. 2006); Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  Plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" and his complaint must include factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964–65, 1973 n.14, 167 L. Ed. 2d 929 (2007) (declining to apply a heightened pleading standard, and abrogating Conley v. Gibson, 355 U.S. 41, 47, 78, S. Ct. 99, 2 L. Ed. 2d 80 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  355 U.S. at 45–46, 78 S. Ct. 99.))  A complaint is subject to dismissal for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim."  Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003)).  Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.  Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing Hall v. United Ins. Co. Of Am., 367 F.3d 1255, 1263 (11th Cir. 2004)).  Upon review of Plaintiff's complaint, the court concludes that Plaintiff has not presented an actionable claim and that sua sponte dismissal is therefore warranted.  Vanderberg v. Donaldson, 259 F.3d 1321, 1323 (11th Cir. 2001).

Plaintiff arrived at Calhoun Correctional Institution in February of 2010 and was incarcerated there at the time of the events giving rise to this complaint.  He names Dr. Moses Izueghn as the lone Defendant in the amended complaint (Doc. 6).  Plaintiff's complaint concerns allegedly deficient medical treatment.  Plaintiff, who has Hepatitis C, claims that Dr. Izueghn failed to provide him with

Interferon treatment that had been ordered by an ARNP at South Florida Reception Center for this condition, despite laboratory tests justifying the continued need for this medication (Doc. 6 at 5). Plaintiff appears to state that untreated, the Hepatitis C causes him to suffer from itching, skin lesions and darkened skin pigmentation, as well as arthritic joint pain (*id.* at 6). He subsequently sought treatment for his skin conditions, and Dr. Izueghn prescribed Mycolog and Nystatin creams at an unspecified time (*id.*). After his skin did not improve, Plaintiff consulted with Clinical Assistant Expedito Salvador,[1] and on January 13, 2011, Mr. Salvador prescribed Triamcinolone ointment (*id.*). Plaintiff then asked Mr. Salvador about Interferon treatment, but Salvador told Plaintiff that Interferon "would kill" Plaintiff and that he "would probably live another 40 years" without it (*id.*).[2] Apparently, then, Mr. Salvador also declined to prescribe the treatment requested by Plaintiff (*id.*). Plaintiff does note that Mr. Salvador prescribed 100 mgs Doxycycline for Plaintiff's swollen testicle problem, a problem he does not claim is related to the Hepatitis C (*id.*). The complaint does not mention any medical issues or treatment beyond January 13, 2011.

Plaintiff claims that Dr. Izueghn's refusal to provide him with Interferon demonstrated deliberate indifference to his serious medical needs and that his skin conditions and joint pain worsened as a result of the denial of this treatment (Doc. 6 at 6). He seeks $900,000.00 in compensatory damages and $900,000.00 in punitive damages, as well as costs and attorney's fees (*id.* at 7).

In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

1. whether the conduct complained of was committed by a person acting under color of state law; and

---

[1] Mr. Salvador was named as a Defendant in the initial complaint but is no longer identified as such in the amended complaint.

[2] Plaintiff was born in 1961, according to the Florida Department of Corrections website. *See* http://www.dc.state.fl.us/ActiveInmates/detail.asp?Bookmark=1&From=list&SessionID=25307645 (last accessed on June 15, 2011). Plaintiff appended copies of several chapters of the book "Hepatitis C, the Silent Epidemic (Authoritative Guide)" by Fred K. Askari, M.D., Ph.D. to his initial complaint (Doc. 1). The reliability of this book as a medical resource is uncertain, as the most recent version of this book appears to have been published in 2001. *See* http://www.amazon.com/Hepatitis-Silent-Epidemic-Authoritative-Guide/dp/0738204382/ref=sr_1_1?ie=UTF8&s=books&qid=1308162163&sr=1-1 (last accessed on June 15, 2011).

Case No: 5:11cv146/RH/EMT

  2.  whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254–55, 101 L. Ed. 2d 40 (1988) (citations omitted); Holmes v. Crosby, 418 F.3d 1256, 1258 (11th Cir. 2005) (citing West).

  Although the United States Constitution does not require comfortable prisons, neither does it permit inhumane ones. Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Plaintiff's claim arises under the Eighth Amendment, which governs "the treatment a prisoner receives in prison and the conditions under which he is confined." Hellig v. McKinney, 509 U.S. 25, 31, 113 S. Ct. 2475, 125 L. Ed. 2d 22 (1993). However, "[n]ot every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny." Whitley v. Albers, 475 U.S. 312, 319, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986). After incarceration, only the 'unnecessary and wanton infliction of pain' . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment. Ingraham v. Wright, 430 U.S. 651, 670, 97 S. Ct. 1401, 51 L. Ed. 2d 711 (1977) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (citations omitted)).

  A prison official's deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Campbell v. Sikes, 169 F.3d 1353, 1363 (11th Cir. 1999). "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (quoting McElligott v. Foley, 182 F.3d 1248, 1254 (11th Cir. 1999) (citation omitted)); *see also* Estelle, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). The inadvertent or negligent failure to provide adequate medical care "cannot be said to constitute 'an unnecessary and wanton infliction of pain.'" Estelle, 429 U.S. at 105–06. Furthermore, because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are "serious." Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995, 1000, 117 L. Ed. 2d 156 (1992). To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective

inquiry.  Farrow *supra*; Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000); Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995).  First, a plaintiff must set forth evidence of an objectively serious medical need.  Taylor, 221 F.3d at 1258; Adams, 61 F.3d at 1543. Second, a plaintiff must prove that the prison official acted with an attitude of "deliberate indifference" to that serious medical need.  Farmer v. Brennan, 511 U.S. at 834 (1994); McElligott, 182 F.3d at 1254; Campbell, 169 F.3d at 1363.  Third, as with any tort claim, he must show that the injury was caused by the defendant's wrongful conduct.  Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007) (citing Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995)).  No liability arises for an official's failure to alleviate a significant risk that he should have perceived but did not, and imputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference.  Burnette v. Taylor, 533 F.3d 1325, 1331 (11th Cir. 2008) (citations omitted).

There are at least two different tests for determining whether a medical need is serious. Danley v. Allen, 540 F.3d 1298, 1310 (11th Cir. 2008).  One test is whether the delay in treating the need worsens it.  *Id.* (citing Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187–88 (11th Cir. 1994)).  The other test is whether the need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  Danley, 540 F.3d 1310–11 (quoting Hill, 40 F.3d at 1187); Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004) (citing Farrow, 320 F.3d at 1243 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)).  In either instance, the medical need must be "one that, if left unattended, poses a substantial risk of serious harm." Farrow, 320 F.3d at 1243 (quoting Taylor, 221 F.3d at 1258 (quoting Farmer, 511 U.S. at 834, 114 S. Ct. 1970)).

To satisfy the subjective element of deliberate indifference to a prisoner's serious medical need, plaintiff must prove three things: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." Bozeman v. Orum, 422 F.3d 1265, 1272 (11th Cir. 2005) (quoting Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004); *see also* Miller v. King, 384 F.3d 1248, 1261 (11th Cir. 2004) (noting, after Farmer v. Brennan, 114 S. Ct. 1970 (1994), that gross negligence is needed to satisfy state-of-mind requirement for deliberate indifference)); Townsend v. Jefferson County, 601 F. 3d 1152, 1158 (11th Cir. 2010)

(same); Farrow, 320 F.3d at 1245–46 (citing McElligott, 182 F.3d at 1255; Taylor, 221 F.3d at 1258 (stating that defendant must have subjective awareness of an "objectively serious need" and that his response must constitute "an objectively insufficient response to that need")). "Deliberate indifference" and "mere negligence" are not one and the same. Deliberate indifference must be more than a medical judgment call or an accidental or inadvertent failure to provide adequate medical care. Murrell v. Bennett, 615 F.2d 306, 310 n.4 (5th Cir. 1980). Plaintiff must demonstrate that Defendants' response to a medical need was more than "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." Taylor, 221 F.3d at 1258.

Obviously, a complete denial of readily available treatment for a serious medical condition constitutes deliberate indifference. Harris v. Coweta County, 21 F.3d 388, 393 (11th Cir. 1994). However, where the inmate has received medical attention, and the dispute is over the adequacy of that attention, courts should be reluctant to question the accuracy or appropriateness of the medical judgments that were made. Harris v. Thigpen, 941 F.2d 1495, 1507 (11th Cir. 1991) (quoting Waldrop v. Evans, 871 F.2d 1030, 1035 (11th Cir. 1989)); Hilton v. McHugh, 178 Fed. Appx. 866 (11th Cir. 2006). Disputes regarding the level of treatment or the existence of other treatment options do not alone evidence cruel and unusual punishment. Estelle, 429 U.S. at 107, 97 S. Ct. at 292; Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985); Turner v. Solorzano, 2007 WL 1217882, at *2 (11th Cir. 2007) (table, text in WESTLAW). A difference of opinion over matters of medical judgment does not give rise to a constitutional claim. Harris, 941 F.2d at 1505; Moots v. Secretary, Department of Corrections, 2011 WL 1657738 (11th Cir. 2011) (Table, text in West law) (citing Harris); Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989); White v. Napoleon, 897 F.2d 103, 110 (3rd Cir. 1990) (no Eighth Amendment claim is stated when a doctor disagrees with the professional judgment of another doctor). Nonetheless, the court can find that the medical treatment was so slight as to amount to no treatment at all, and therefore the mere fact that treatment was provided does not end the inquiry. Waldrop, 871 F.2d at 1035. For instance, "an official acts with deliberate indifference when he knows that an inmate is in serious need of medical care, but he fails or refuses to obtain medical treatment for the inmate." Farrow, 320 F.3d at 1246 (quoting Lancaster v. Monroe County, 116 F.3d 1419, 1425 (11th Cir. 1997)); *cf.* Goebert v. Lee

County, 510 F.3d 1312 (11th Cir. 2007) (reversing district court's grant of summary judgment for defendants where prison officials took no action when pregnant inmate complained that she had been leaking amniotic fluid for more than a week and needed to see a doctor); Lancaster, 116 F.3d at 1426–27 (involving a chronic alcoholic dying from a withdrawal-induced seizure while in custody after his wife warned jailers about his propensity for life-threatening seizures as he withdraws).

Plaintiff's complaint fails to present a constitutional violation. Even accepting for sake of argument that Hepatitis C can be a serious medical condition, Plaintiff's allegations do not establish that his Hepatitis C presented a "serious medical need" at the time of the events giving rise to this complaint. *See* Taylor, 221 F.3d at 1258. Even more important, Plaintiff's allegations do not establish deliberate indifference on the part of the named Defendant, but rather precisely the sort of difference of opinion over matters of medical judgment that does not give rise to a constitutional claim. *See* Estelle, 429 U.S. at 107, 97 S. Ct. at 292; Harris, 941 F.2d at 1505. After Plaintiff's transfer to Calhoun Correctional Institution, Plaintiff admits that both Dr. Izueghn and Mr. Salvador separately opined that Interferon was not an appropriate choice of treatment for him. Although Plaintiff asserts that an ARNP at the South Florida Reception Center ("SFRC") had "mandated" Interferon treatment, attachments to the complaint do not support this assertion (Doc. 6, Exh. A). The response to Plaintiff's medical grievance states in relevant part:

> There is likewise no documentation in your medical record that a nurse practitioner at S.F.R.C. mandated Interferon treatment for your Hep C. You were seen by the nurse practitioner at S.F.R.C. 1/28/2010 and continued on Zantac and Ibuprofen; Interferon treatment was not prescribed.

(Doc. 6, Exh. A). Plaintiff states that the ARNP at the SFRC had deemed the Interferon necessary because of the adverse effects Plaintiff's untreated Hepatitis C had on his skin and knee joints. Even if Plaintiff's contention that he received Interferon treatment at SFRC is true, Plaintiff admits that he sought and received treatment for the relatively minor skin conditions allegedly caused by the Hepatitis C and presumably exacerbated by the lack of Interferon. It is true that the medications Dr. Izueghn initially prescribed were ineffective in relieving Plaintiff's skin discomfort. However, there is no suggestion that Plaintiff subsequently complained to Dr. Izueghn, and when Plaintiff brought this to the attention of Mr. Salvador he received a different medication about which he makes no complaint. Thus, it appears that Plaintiff's symptoms were adequately treated. The amended

Case No: 5:11cv146/RH/EMT

complaint is absolutely devoid of any allegations from which the court could infer that either Defendant Dr. Izueghn or former Defendant Mr. Salvador acted in a malicious manner or with punitive intent in determining how to treat Plaintiff's condition.  Finally, as further evidence suggesting that the deprivation of Interferon does not rise to the level of a constitutional violation, the court notes that despite Plaintiff's interest in Interferon treatment, he has not alleged that he was taking this medication prior to his incarceration in January of 2010.  The mere fact that Plaintiff is now incarcerated does not necessarily entitle him to additional medical care.  *See* Hudson v. McMillian, 503 U.S. at 9 (prisoners are not expected to have "unqualified access to medical care").

Based on the foregoing, the court is satisfied that Plaintiff's complaint lacks an arguable basis in law, that it fails to state an actionable claim of a violation of 42 U.S.C. § 1983, and that sua sponte dismissal is warranted.  Cockrell, 510 F.3d at 1310;  Vanderberg, 259 F.3d at 1323.

Accordingly, it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 16th day of June, 2011.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).