IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

YAQUB JAMEL FAHEEM,

    Plaintiff,

v.	CASE NO. 5:11cv146-RH/EMT

MOSES IZUEGHN, M.D.,

    Defendant.

_____/

## ORDER REMANDING TO MAGISTRATE JUDGE

This is a prisoner civil-rights case. The amended complaint asserts that while the plaintiff was in state custody, the prison doctor refused to provide proper treatment for the plaintiff's hepatitis C. The plaintiff alleges that this violated the Eighth Amendment. The plaintiff seeks a damages award against the doctor under 42 U.S.C. § 1983.

A prison doctor violates the Eighth Amendment if the doctor is deliberately indifferent to a prisoner's serious medical need. *See*, *e.g.*, *Estelle v. Gamble*, 429 U.S. 97 (1976). But an error in treatment, even if based on negligence, is not a constitutional violation. And a disagreement between the prisoner and the doctor about the proper course of treatment also does not establish a constitutional

*Page 2 of 3*

violation.  Deliberate indifference is a high threshold.  *See*, *e.g.*, *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Under the Prison Litigation Reform Act, the amended complaint is subject to an initial screening.  The case is before the court on the magistrate judge's report and recommendation, which concludes that the amended complaint should be dismissed at the screening state.  The report and recommendation concludes that the amended complaint presents only a disagreement between the plaintiff and the doctor about the proper course of treatment.

That may ultimately turn out to be correct.  But at this stage, I conclude that the amended complaint adequately states a claim on which relief can be granted.

Hepatitis C is—or at least can be—a serious medical condition.  A refusal to provide appropriate treatment for hepatitis C can result from deliberate indifference and thus can be an Eighth Amendment violation.  *See*, *e.g.*, *Roe v. Elyea*, 631 F.3d 843 (7th Cir. 2011) (affirming a judgment on a jury verdict based on prison officials' refusal to provide the indicated treatment for hepatitis C); *see also Erickson v. Pardus*, 551 U.S. 89 (2007) (reversing the dismissal of a prisoner's Eighth Amendment claim alleging a failure to provide adequate treatment for a liver condition resulting from hepatitis C).  To be sure, different hepatitis C patients are appropriately treated in different ways, and a refusal to provide a prisoner's preferred treatment may result from nothing more than a medical

disagreement—precisely the kind of disagreement that does not give rise to a constitutional claim.  *See*, *e.g.*, *Taylor v. Ortiz*, 410 F. App'x 76 (10th Cir. 2010) (affirming the dismissal of a prisoner's claim based on his hepatitis C treatment); *Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 356-57 (6th Cir. 2006) (same).

So the plaintiff may or may not have a well founded claim against the doctor in this case.  All that can be said now is that the amended complaint adequately alleges that the doctor was deliberately indifferent.  In due course the plaintiff will have to prove it.

For these reasons,

IT IS ORDERED:

The report and recommendation is rejected.  The case is remanded to the magistrate judge for further proceedings.

SO ORDERED on July 22, 2011.

s/Robert L. Hinkle<br>United States District Judge