IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

YAQUB JAMEL FAHEEM,
    Plaintiff,

vs.                                          Case No. 5:11cv146/RH/EMT

DR. MOSES IZUEGHN, et al.
    Defendants.
_____/

## REPORT AND RECOMMENDATION

       This matter is before the court on Plaintiff's response to Court's order dated July 27 2011 (doc. 12), or in the alternative a motion for dismissal without prejudice (*see* doc. 13).  Plaintiff filed a motion to dismiss after the district court entered an order remanding his case to this court (docs. 10, 11).  This court entered an order directing Plaintiff to clarify his intent, noting that the district court's order and Plaintiff's motion crossed in the mail (doc. 12).  Plaintiff has now filed the instant motion to dismiss his case filed pursuant to 42 U.S.C. § 1983, without prejudice (doc. 13).

       Rule 41(a)(1)(A)(i) provides that an action may be dismissed without an order of the court by filing a notice of dismissal at any time before the adverse party serves an answer or files a motion for summary judgment.  Because Defendants ave not yet been served in the instant case, it is clear that Plaintiff is automatically entitled to a voluntary dismissal at this time.

       Accordingly, it is respectfully **RECOMMENDED**:

       That Plaintiff's notice of voluntary dismissal (Doc. 13) be **GRANTED** and this case be **DISMISSED without prejudice**.

       At Pensacola, Florida, this 9th day of August 2011.

                                    /s/ *Elizabeth M. Timothy*
                                    **ELIZABETH M. TIMOTHY**
                                    **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* **28 U.S.C. § 636;** <u>United States v. Roberts</u>**, 858 F.2d 698, 701 (11th Cir. 1988).**